

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| COLLETTE REID, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION 0:19-3012-MGL-PJG |
| LANCASTER SCHOOL DISTRICT, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Collette Reid (Reid), a self-represented litigant, filed this employment discrimination lawsuit against her former employer, Defendant Lancaster School District (LSD), under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting LSD's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 24, 2020, Reid filed her objections on September 27, 2020, and LSD filed its reply to the objections on October 13, 2020. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Here, Reid has wholly failed to bring any specific objections to the Report. Instead, she merely makes arguments the Magistrate Judge has already considered and rejected. Inasmuch as the Court agrees with the Magistrate Judge's treatment of those issues, it need not repeat the discussion here. Consequently, because Reid neglects to make any specific objections, and the Court has found no clear error, it need not make a de novo review of the record before overruling Reid's objections and accepting the Magistrate Judge's recommendation.

Further, inasmuch as the Magistrate Judge warned Reid of the consequences of failing to file specific objections, Report at 9, she has waived appellate review. *See Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Reid's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court LSD's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 7th day of December, 2020, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Reid is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.